IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BROOKLYN CHILDRESS, | ) |
|         Plaintiff, | ) Case No.: CIV-22-970-SLP |
| | ) Honorable Judge: Palk |
| v. | ) |
| (1) SANGRE FOODSERVICE MANAGEMENT, LLC, a domestic limited liability company, d/b/a/ KEYSTONE FOODSERVICE | ) ATTORNEY LIEN CLAIMED |
|         Defendant. | ) |

**COMPLAINT**

COMES NOW the Plaintiff, Henri Mbau, by and through his attorney of record, and brings this action against the Defendant, Baker Hughes, Inc., for violations of his statutory and constitutionally protected rights arising out of his employment and termination by said Defendant.

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by the Americans with Disabilities Act of 2008 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), Pub. L. No. 110–325, 122 Stat. 3553 AND THE Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101-1706.

2. The Plaintiff, Brooklyn Childress, was at all relevant times a resident of Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

3. Defendant Sangre Foodservice Management, LLC d/b/a/ Keystone Foodservice is a domestic for-profit limited liability company doing regular business in Payne County, Oklahoma and employs an unknown number of employees in the United States.

1

4. The injuries that are the subject of this dispute occurred in Hughes County, Oklahoma.

5. This Court has jurisdiction pursuant to 28 U.S. Code § 1331, and venue is proper in the Northern District of Oklahoma.

**FACTS COMMON TO ALL CLAIMS**

6. Paragraphs 1 through 5 are incorporated herein by reference.

7. Plaintiff began her employment as Food Prep with Defendant in September 2021.

8. On or about November 15, 2021, Plaintiff began to experience harassment and bullying from her co-workers about Plaintiff's disabilities.

9. Plaintiff suffers short-term memory loss from birth, ADHD, and obsessive-compulsive disorder (OCD) that greatly affect her daily life.

10. On or about December 2021, Plaintiff requested a reasonable accommodation for her disabilities. Defendant did not respond to Plaintiff's request until February 2022.

11. Plaintiff complained to her supervisor Cindy Mackey of the harassment and discrimination she was suffering from her co-workers at least by January 5, 2022.

12. Plaintiff continued to suffer harassment and discrimination from her co-workers Joetta and Ashley, including bullying Plaintiff about her disabilities, claiming Plaintiff faked her disabilities, threatening Plaintiff, and increasing such harassment when Plaintiff reported the harassment to her supervisors.

13. Plaintiff, who received no training, cut herself with a kitchen knife that required stitches on or about January 29, 2022. Defendant refused to provide any medical aid. Plaintiff had to have her grandmother drive her to urgent care to get stitches.

14. When Plaintiff returned to work from her stitches, she was met with ridicule by Defendant and her co-workers.

15. Plaintiff took her concerns to the Equal Employment Opportunity Commission (EEOC) on or about March 1, 2022 and filed a charge of discrimination.

16. Plaintiff was terminated by Defendant on or about March 4, 2022 immediately after Defendant received notice of Plaintiff's complaint to the EEOC.

17. A Notice of Suit Rights was mailed on or about August 22, 2022. This Petition is being filed within ninety (90) days of receipt of this Notice of Suit Rights. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

18. Plaintiff has been discriminated against based on her disabilities and in retaliation for reporting harassment and requesting an accommodation, in violation of the ADA as amended by the ADAAA, and the Oklahoma Anti-Discrimination Act.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON DISABILITY: ADAAA

19. Plaintiff incorporates as if re-alleged all preceding paragraphs.

20. From September of 2021 to on or about March 4, 2022, the Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. §§12112(a) and (b)(5).

21. Persons with a physical impairment, or who are perceived to have such an impairment, are persons with a disability within the meaning of Sections 3 and 102(a) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12112(a).

22. The Plaintiff was an employee of the Defendant.

23. The Plaintiff is a qualified individual who has more than one disability, which requires an accommodation of breaks, written instructions, and other accommodations for her

short-term memory loss, which interfere with one or more major life activities, as defined by the ADA, including working.

24. Defendant's actions in failing to provide Plaintiff's requested accommodations due to her disability, refusal to address Plaintiff's reports of discrimination and harassment, as well as terminating Plaintiff for filing a complaint with the EEOC are all in violation of the ADA as amended by the ADA Amendments Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and his non-pecuniary losses;
c. Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## RETALIATION BASED ON DISABILITY: ADAAA

25. Plaintiff incorporates as if re-alleged all preceding paragraphs.

26. Plaintiff engaged in protected activity when she complained of discrimination and harassment, and requested a reasonable accommodation from her employer, the Defendant.

27. Defendant interfered with Plaintiff's exercise and enjoyment of her right to a workplace free of discrimination and harassment, and a reasonable accommodation when Defendant refused to take action to end the discrimination and harassment, failed to provide a reasonable accommodation, and, when. Plaintiff when she took her concerns to the EEOC, and terminated Plaintiff in violation of 42 U.S.C.A. § 12203(b).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and his non-pecuniary losses;

c. Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### HOSTILE WORK ENVIRONMENT BASED ON DISABILITY: ADAAA

28. Plaintiff incorporates as if re-alleged all preceding paragraphs.

29. Defendant subjected Plaintiff to an environment pervaded by disability discrimination through its near constant bullying and taunting of Plaintiff's disabilities and refusal to address the harassment.

30. Defendant has violated 42 U.S.C. § 12112(a).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement, and liquidated damages;

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
### DISCRIMINATION BASED ON DISABILITY: OADA

31. Plaintiff incorporates as if re-alleged all preceding paragraphs.

32. By subjecting Plaintiff to disability discrimination, Defendant has violated the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement, and liquidated damages;

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
### RETALIATION BASED ON DISABILITY: OADA

33. Plaintiff incorporates as if re-alleged all preceding paragraphs.

34. By terminating the Plaintiff's employment because she engaged in protected opposition to discrimination, Defendant has violated the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement, and liquidated damages;

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SIXTH CLAIM FOR RELIEF
## HOSTILE WORK ENVIRONMENT BASED ON DISABILITY: OADA

35. Plaintiff incorporates as if re-alleged all preceding paragraphs.

36. Defendant subjected Plaintiff to an environment pervaded by racial and religious discrimination through their constant racist comments concerning Hispanic persons and by regularly forcing Plaintiff to participate in Evangelical religious activities as a term of her employment.

37. Defendants have violated the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement, and liquidated damages;

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants;

      d. Her attorney fees and the costs and expenses of this action;

      e. Such other relief as the Court deems just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, front pay to normal retirement, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court

      Respectfully Submitted,

      SMOLEN, & ROYTMAN, PLLC

      */s/ Daniel E. Smolen*
      Daniel E. Smolen, OBA #19943
      701 S. Cincinnati Avenue
      Tulsa, Oklahoma 74119
      Telephone: (918) 585-2667
      Facsimile: (918) 585-2669

      Mark A. Smith, OBA No. 31231
      Caruso & Smith, PLLC
      P.O. Box 52186
      Tulsa, Oklahoma 74152-0186
      (918) 583-5900 (Office)
      (918) 583-5902 (Fax)
      mark.smith@smithlegalok.com
      *Attorneys for Plaintiff*